UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF ALABAMA

EASTERN DIVISION


| | |
|---|---|
| MICHAEL A. KENNEDY | ) |
|     Plaintiff, | ) |
| v. | ) |
| STATE OF ALABAMA DEPARTMENT OF | ) |
| TRANSPORTATION, STEVE GRABEN, in his official and | ) CASE NO.   2:24-cv-00261-MHT-CWB |
| individual capacities, UNDREA CAMPBELL, in her official | ) |
| and individual capacities, | ) |
|  Defendant. | ) |

Plaintiff Michael A. Kennedy ("Plaintiff" or "Mr. Kennedy"), pro se, as and for his Complaint in this action against Alabama Department of Transportation, Steve Graben, Undrea Campbell, hereby alleges as follows:


**NATURE OF THE CLAIMS**

1. This is an action for declaratory, injunctive and equitable relief, as well as monetary damages, to redress Defendants' unlawful employment practices against Plaintiff, including its discriminatory/ retaliatory treatment of Plaintiff due to his qualified medical condition and its unlawful retaliation after he complained about the unlawful discrimination in the workplace in violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. ("ADA 1990"), the Family and Medical Leave ACT of 1993 ("FMLA") and Title VII of the Civil Rights ACT of 1964 ("Title VII").

## JURISDICTION AND VENUE

2.   The Court has jurisdiction over this action pursuant to 42 U.S.C. §2000e-5 as this action involves federal questions regarding the deprivation of Plaintiff's rights under ADA 1990.

3.   The Venue is proper in this district because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## ADMINISTRATIVE PROCEDURES

4.   Prior to the filing of this Complaint, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 27,2023, alleging violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. ("ADA 1990"). Plaintiff's EEOC charge arises out of many of the same facts alleged herein that pertain to his claim.

5.   The EEOC completed its investigation and issued a Right to Sue letter on January 31,2024.

6.   Any and all other prerequisites to the filing of this suit have been met.

## PARTIES

7.   Plaintiff Michael A. Kennedy worked with the Alabama Department of Transportation at the time of the actions taken against him and met the definition of an "employee" under all applicable statutes.

8.   State of Alabama Department of Transportation (ALDOT) is engaged in the construction and maintenance of all state highways within the state of Alabama. At all relevant times, ALDOT has met the definition of an "employer" under all applicable statutes.

9.   Defendant Steve Graben was the Region Engineer over Plaintiff during the time period of this complaint. At relevant times, Defendant Graben participated in the

discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.

10. Defendant Undrea Campbell was the Region EEO officer over Plaintiff during the time period of this complaint. At relevant times, Defendant Campbell participated in the discriminatory/retaliatory and otherwise unlawful decisions and actions taken against Plaintiff.

## **FACTUAL ALLEGATIONS**

11. Plaintiff Michael A. Kennedy is a former employee of Alabama Department of Transportation.

12. Plaintiff was employed by ALDOT from August 26,2002 to February 28,2024 as a Graduate Civil Engineer.

13. As a Graduate Civil Engineer, Plaintiff reported to Kris Kiefer.

14. Plaintiff developed a medical issue around September 5,2007.

15. Around 2018, Plaintiff was diagnosed with IBS-C by Dr. Roundtree. This produces severe abdominal pains to Plaintiff.

16. On April 4,2019, Plaintiff was diagnosed with a medical disability condition by Dr. Blankenship. This medical issue causes severe abdominal pains and migraines to Plaintiff.

17. On May 20,2022, Plaintiff signs transfer order due to Undrea Campbell not responding and for fear of being fired from his job.

18. On June 1,2022, Plaintiff was transferred to work at the Region office under Kris Kiefer.

19. On August 3,2022, Plaintiff went to see a new doctor in Birmingham at UAB ENT. Dr. Killeen concludes that I have migraine issues, but cannot say if I have Meniere's Disease. Dr. Killeen keeps both diagnoses.

20. Around October 26,2022, FMLA was approved for Plaintiff to start on June 1,2022. This FMLA is for Plaintiff medical disability that causes the severe abdominal pains that Plaintiff constantly suffers.

21. On March 22,2023, Joshua W. Kervin, Assistant Region Engineer, received a complaint from Justin Palmer. Mr. Palmer stated that Ryan Miller accused Plaintiff of masturbating in

the bathroom. Joshua Kervin dismissed the accusation due to no violations witnessed by anyone.

22. On March 27,2023, Ryan Miller and Justin Palmer told Kris Kiefer that Plaintiff was masturbating in the bathroom. Neither seen Plaintiff enter or leave the bathroom area and can say that Plaintiff was even in the bathroom at the specified time.

23. On March 28,2023, Undrea Campbell starts looking for people to witness against Plaintiff, despite Joshua Kervin dismissing the complaints due to no credible evidence. She interviews Ryan Miller, who never saw Plaintiff enter or leave the restroom and admits spreading the rumor to others of Plaintiff masturbating in the bathroom. Ryan Miller says he recognized Plaintiff by "Hoka Shoes". Plaintiff wasn't wearing those type of shoes and has talked about his wife owning them due to her medical issues. Ryan Miller also admits that Reanna Hopkins was spreading rumors about Plaintiff having porn passwords. No specific date or time is given as to the events.

24. On March 28, Undrea Campbell interviews Tyler Ashmore, despite Joshua Kervin dismissing the complaints due to lack of credible evidence. Tyler Ashmore states that nothing is factual about his report and that he never reported anything, because nothing could be verified.

25. On March 29,2023, Undrea Campbell interviews Scott Short, despite Joshua Kervin dismissing Complaints due to no evidence. Scott never seen Plaintiff enter or leave the restroom and admits to hearing rumors being spread through the "street committee". Scott admits to spreading the rumor about Plaintiff to someone named Tori.

26. Undrea Campbell is named in a Discrimination lawsuit (CASE NO. 3:22-CV-645-ECM-JTA) and shows no credible evidence against Plaintiff, yet Undrea pushes compliant through. Plaintiff does have pain due to his medical disability, which is covered by FMLA and ADA.

27. On March 31,2023, Steve Graben tells Plaintiff that he has to leave the premises and not return with no explanation. Undrea Campbell and Steve Graben (both named in Discrimination suit, CASE NO. 3:22-CV-645-ECM-JTA) went to find people to make a complaint against Plaintiff, even though a decision was already made that no credible evidence exists against Plaintiff. This was during the time when Plaintiff had to turn in his

complaint to the Court. This is a violation of the Americans with Disabilities Act of 1990 by subjecting Plaintiff to retaliation. There is no conclusive proof that Plaintiff has done anything wrong or violated any rules or regulations.

## FIRST CAUSE OF ACTION

### (violation of the Americans with Disabilities Act of 1990 (ADA))

28. Plaintiff hereby repeats and realleges the allegations in each of the preceding paragraphs as if fully set forth herein.

29. Defendants have violated ADA rights with respects to Accommodations, Discrimination and equal treatment on the basis of disability, which has led to unwarranted actions leading to termination of Plaintiff's employment with ALDOT.

30. As a direct and proximate result of Defendants' unlawful discriminatory/ retaliatory conduct in violation of the Americans with Disabilities Act of 1990, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of monetary damages and other relief.

31. As a direct and proximate result of Defendants' unlawful discriminatory conduct in violation of the Americans with Disabilities Act of 1990, Plaintiff has suffered and continues to suffer severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering for which he is entitled to an award of monetary damages and other relief.

32. Defendants' unlawful discriminatory conduct constitutes a willful and wanton violation of the Americans with Disabilities Act of 1990, was outrageous and malicious, was intended

to injure Plaintiff, and was done with reckless indifference to Plaintiff's civil rights, entitling Plaintiff to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgement in his favor and against Defendant, containing the following relief:

A. A declaratory judgement that the actions, conduct and practices of Defendants complained herein violate the laws of the United States and the State of Alabama;

B. An injunction and order permanently restraining Defendants from engaging in such unlawful conduct;

C. An order directing Defendants to place Plaintiff in a position that provides the least hardship and that he would have occupied but for Defendants' discriminatory, retaliatory and/or otherwise unlawful treatment of him, as well as to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices and otherwise unlawful conduct are eliminated and do not continue to affect Plaintiff;

D. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including but now limited to, the lost of past and future income, wages, compensation, job security and other benefits of employment;

E. An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for his severe mental anguish and emotional distress, humiliation, depression, embarrassment, stress and anxiety, loss of self-esteem, self-confidence and personal dignity, and emotional pain and suffering and any other physical or mental injuries;

F.  An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to his professional and personal reputation and loss of career fulfillment;

G.  An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

H.  An award of punitive damages;

I.  An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

J.  Such other and further relief as the Court may deem just and proper.

*Michael Kennedy*

4-30-24